UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACQUELYN WHITE,

        Plaintiff,                   CIVIL ACTION NO. 10-CV-14045

    vs.                           DISTRICT JUDGE NANCY G. EDMUNDS

STATE OF MICHIGAN, MICHIGAN     MAGISTRATE JUDGE MONA K. MAJZOUB
DEPARTMENT OF HUMAN SERVICES,
MICHIGAN DEPARTMENT OF CIVIL
SERVICES, MICHIGAN DEPARTMENT
OF HUMAN SERVICES OFFICE OF HUMAN
RESOURCES, DOROTHY BUTLER,
MARGARET WARNER, SHARON JACKSON,
DEBORAH GARNETT, and SUSAN HULL,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I.**     **RECOMMENDATION:** This Court recommends that the Motions For Dismissal, For Summary Judgment, Or For Reassignment filed by Defendants Michigan Department of Human Services, Dorothy Butler, Margaret Warner, Sharon Jackson, and Susan Hull (docket no. 5), Defendant State of Michigan (docket no. 6), and Defendants Michigan Department of Civil Service, Michigan Department of Human Services - Human Resources, and Deborah Garnett (docket no. 14) be **GRANTED** and Plaintiff's Complaint be dismissed.

**II.**     **REPORT:**

This is an employment discrimination action. Defendants move pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (6) and Rule 56 to dismiss Plaintiff's claims. Plaintiff filed responses to the Defendants' motions. Defendants filed a joint reply. All pretrial matters have been

1

referred to the undersigned for action. (Docket no. 9). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). These matters are now ready for ruling.

**A. Facts and Procedural History**

This is the second of two civil rights actions brought by Plaintiff and currently pending in this Court in which Plaintiff alleges claims of employment discrimination against these Defendants. Plaintiff's first case was filed on November 30, 2009 and was assigned case number 09-14631. Both the instant case and case number 09-14631 have been reassigned to Judge Edmunds.

Plaintiff was employed by the Michigan Department of Human Services from August 1978 through July 2009 when her employment was allegedly terminated after she "exhausted her entitlement under the [Family Medical Leave Act]." (Case no. 09-14631, dkt 1 at 2; Case no. 10-14045, dkt 1 at 4). She filed charges with the EEOC and received a right to sue letter on August 28, 2009. (Case no. 09-14631, dkt 1 at 3). On November 30, 2009 Plaintiff filed a Complaint in case number 09-14631 against the Michigan Department of Human Services, the Michigan Department of Civil Services, Michigan Department of Human Services - Human Resources, Dorothy Butler, Margaret Warner, Sharon Jackson, and Deborah Garnett alleging some thirty-eight counts of discrimination which she claims reveals a "strategem" of workplace discrimination spanning from 2001 through July 2009.

Defendants moved to dismiss Plaintiff's claims in case number 09-14631, and on June 14, 2010 this Court issued a report and recommendation that all Defendants other than the Michigan Department of Human Services, and all claims other than Plaintiff's Title VII claims based on race, color, and sex should be dismissed. (Case no. 09-14631, dkt 22). This Court found that Plaintiff failed to state claims under Title VII against Defendants Michigan Department of Civil Services,

Michigan Department of Human Services - Human Resources, Dorothy Butler, Margaret Warner, Sharon Jackson, and Deborah Garnett because Plaintiff failed to allege that these Defendants were Plaintiff's employer. This Court also found that Plaintiff failed to state cognizable claims of discrimination under Title VII based on age, obesity, and disability because these were not protected classes under the act. On August 5, 2010 Judge Feikens adopted this Court's report and recommendation, dismissed all Defendants except Defendant Michigan Department of Human Services, and dismissed all claims but the Title VII claims based on race, color, and sex. (Case no. 09-14631, dkt 26).

At the same time Judge Feikens also considered Plaintiff's motion to amend her Complaint to add as Defendants Susan Hull and the Department of Civil Service, and to assert claims of retaliation for filing the 2009 EEOC charge and claims for disability discrimination under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the Family Medical Leave Act ("FMLA"). (Case no. 09-14631, dkt 26). Judge Feikens found that it would be futile for Plaintiff to amend her Complaint to add the new Defendants and new claims of discrimination under the ADA, the Rehabilitation Act, and FMLA. However, Judge Feikens granted Plaintiff leave to amend her Complaint to add a claim of retaliatory discharge against Defendant Michigan Department of Human Services. Plaintiff was ordered to file her Amended Complaint by August 19, 2010 and was instructed that any amendment filed after that date will be considered untimely and will be stricken. (Case no. 09-14631, dkt 26).

Plaintiff did not file an Amended Complaint in case no. 09-14631 because she claims she did not receive a copy of Judge Feikens' Order. Rather, on October 8, 2010 Plaintiff filed a new Complaint in the instant case against the same Defendants as are named in case number 09-14631.

Plaintiff also named two additional Defendants in the instant case - the State of Michigan and Susan Hull. The instant Complaint was filed within ninety days from when she received a right to sue letter from the EEOC. (Case no. 10-14045, dkt 1). This right to sue letter was based on a second EEOC complaint in which Plaintiff complained of retaliation and disability discrimination from April 14, 2009 to July 7, 2009. (Case no. 10-14045, dkt 1 Charge of Discrimination). Like her Complaint in case number 09-14631, Plaintiff's Complaint in the instant case is difficult to decipher. However, the instant Complaint alleges that Defendants discriminated against her from 2001 through July 2009, and asserts claims of discrimination under the ADA, retaliation based on her participation in EEOC proceedings, and possibly claims of libel and fraud under state law. Defendants now move to dismiss Plaintiff's Complaint in the instant action and proceed only under case number 09-14631.

**B. Standard of Review**

Federal Rule of Civil Procedure 12(b)(1) allows dismissal for lack of subject matter jurisdiction. Plaintiff has the burden of proving subject matter jurisdiction in order to survive a challenge under Rule 12(b)(1). *Michigan S. R.R. Co. v. Branch & St. Joseph Cnty. Rail Users Ass'n, Inc.,* 287 F.3d 568, 573 (6th Cir.2002).

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(2) if the Court lacks jurisdiction over the Defendants. "The burden of establishing jurisdiction is on the plaintiff." *Tobin v. Astra Pharm. Prod., Inc.*, 993 F.2d 528, 543 (6th Cir.1993) (citation omitted).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a complaint. When determining a motion under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the

plaintiff's allegations present plausible claims. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

**C. Analysis**

Defendants move for dismissal or summary judgment on the grounds that Plaintiff's claims are barred by the application of res judicata. Defendants also argue that Plaintiff failed to state cognizable claims against them. The doctrine of res judicata bars a subsequent action between the same parties or their privies after a final judgment on the merits has been entered based upon the same claims or causes of action. *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981); *Bittinger v. Tecumseh Prods. Co.,* 123 F.3d 877, 880 (6th Cir.1997); *Coleman v. Martin*, 363 F.Supp.2d 894, 901 (E.D. Mich. 2005) (discussing federal res judicata). It also precludes litigation of all claims or issues which were actually litigated or which could have been litigated in a prior action. *Bittinger,* 123 F. 3d at 880. A Federal Rule of Civil Procedure 12(b)(6) dismissal for failure to state a claim operates as a decision on the merits for res judicata purposes. *Federated Dep't Stores, Inc.,* 452 U.S. at 399 n.3; *Guzowski v. Hartman,* 969 F.2d 211, 216 (6th Cir.1992). Ordinarily, when two actions are proceeding simultaneously the first judgment entered must be regarded as res judicata for issues raised in the remaining case. *Hilman v. Am. Axle Mfg., Inc.,* No. 05-cv-73162, 2006 WL 452420, at *3 (E.D. Mich. Feb. 22, 2006) (citing *Lesher v. Lavrich,* 784 F.2d 193, 196 (6th Cir.1986)).

Having reviewed both the instant Complaint and Plaintiff's previous Complaint which is still

pending before this Court, the Court is convinced that the instant Complaint is based upon the same facts and raises substantially similar claims as in the earlier action. Any claims raised in the present action not raised in the earlier action could have been or still may be raised in case number 09-14631. Other than the State of Michigan and Susan Hull, the same parties that were involved in the first lawsuit are involved in this action. The Court dismissed Plaintiff's claims against Defendants Michigan Department of Civil Services, Michigan Department of Human Services - Human Resources, Dorothy Butler, Margaret Warner, Sharon Jackson, and Deborah Garnett on August 5, 2010. The Court also determined that it is futile for Plaintiff to amend her Complaint to add Susan Hull as a Defendant and to add a claim under the ADA. Plaintiff's allegations of retaliation have been addressed by order in case number 09-14631. If the Court concludes that Plaintiff should be permitted to pursue claims of retaliation against Defendant Michigan Department of Human Resources, an order extending the time for her to file an Amended Complaint could be entered in case number 09-14631. Based upon the foregoing, the Court recommends that Defendants' Motions for Summary Judgment (docket nos. 5, 6, 14) be granted and Plaintiff's claims proceed in accordance with the orders entered in case number 09-14631.

### III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will

not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: March 10, 2011        s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Jacqueline White and Counsel of record on this date.

Dated: March 10, 2011        s/ Lisa C. Bartlett
                             Case Manager

7